UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

YUSUF ABDULLAH MUHAMMAD,

        Plaintiff,

v.

DR. FRANCIS MEO, *et al.*,

        Defendants.

Civil Action No.: 17-5056 (JLL)

**MEMORANDUM OPINION**

IT APPEARING THAT:

1. On or about July 10, 2017, *pro se* Plaintiff, a convicted state prisoner currently confined in New Jersey State Prison, filed this action seeking to bring claims against Defendant Meo and several Jane Roe nurses employed in the medical department of Northern State Prison pursuant to 42 U.S.C. § 1983 for deliberate indifference to his medical needs in violation of the Eighth Amendment and a claim for First Amendment retaliation. (ECF No. 1).

2. On March 26, 2018, Plaintiff filed a "Motion for Preliminary Injunction." (ECF No. 35). Therein, Plaintiff seeks a "temporary restraining order and a preliminary injunction to ensure that the Court receives [his] mail." (Id. at 1). "Plaintiff does not attack the general scheme for handling mail. Rather, Plaintiff contends that in repeatedly throwing away [his] legal mail, the mail room employees are denying his 'access to the Courts.'" (Id.). Accordingly, Plaintiff believes he is entitled to immediate injunctive relief. (Id. at 2).

3. Preliminary injunctions are extraordinary remedies that are *not routinely granted. Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citing *Am. Tel. & Tel. Co. v.*

*Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994)) (emphasis granted). The decision to grant a preliminary injunction is within the sound discretion of the district court. *eBay Inc., et al. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 320 (1982)). In deciding whether injunctive relief should be granted, the Court must determine (i) that the movant has a reasonable likelihood of success on the merits, (ii) that the denial of injunctive relief will result in irreparable harm to the movant, (iii) that granting injunctive relief for the movant will not result in even greater harm to the non- movant, and (iv) that the public interest favors granting the preliminary injunction. *Kos Pharm.*, 369 F.3d at 708 (citing *Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 153, 158 (3d Cir. 1999)).

The movant bears the burden of demonstrating that the injunction it seeks should issue. *Id.* To obtain a preliminary injunction, the moving party must demonstrate both a likelihood of success and the probability of irreparable harm if relief is not granted. *Morton v. Beyer*, 822 F. 2d 364, 367 (3d Cir. 1987) (quotations omitted); *see also In re Arthur Teacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982) ("[W]e cannot sustain a preliminary injunction ordered by the district court where either or both of these prerequisites are absent.")

4. In order to bring a denial of access to court claim, such as Plaintiff's claim of interference to access to Courts, a plaintiff must "*plead*, among other things, that *he or she has been actually injured.*" *Aultman v. Cmty. Educ. Ctrs.* Inc, 606 F. App'x, 668 (3d Cir. 2015). (emphasis added). Such an injury occurs where a plaintiff "has lost the opportunity to pursue a 'nonfrivolous' or 'arguable' underlying claim." *Id.* (internal quotations omitted). The right of access to courts under the First and Fourteenth Amendments requires that "adequate, effective, and meaningful" access must be provided to inmates who wish to challenge their criminal charge,

2

conviction, or conditions of confinement. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). In other words, prison officials must "give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the Courts." *Id.* at 825. "The touchstone . . . is meaningful access to the courts." *Peterkin v. Jeffes*, 855 F.2d 1021, 1037 (3d Cir. 1988) (quoting *Bounds*, 430 U.S. at 823) (internal quotations omitted).

In *Bounds*, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds, supra* at 828. The right of access to the courts, however, is not unlimited. "The tools [that *Bounds*] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Cooper v. Sharp*, 2011 U.S. Dist. LEXIS 29823, at *37 (D.N.J. Mar. 23, 2011) (quoting *Lewis v. Casey*, 518 U.S. 343, 355 (1996)) (emphasis in original).

In order to bring a denial of access claim, however, the prisoner must show that he suffered a past or imminent "actual injury." *Id* at *12; *Lewis*, 518 U.S. at 348-51, 354-55. "Such an injury occurs where a plaintiff has lost the opportunity to pursue a 'nonfrivolous' or 'arguable' underlying claim." *Aultman*, 606 F. App'x at 668. The Court has also suggested that such an injury occurs where "a complaint [Plaintiff] prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring

3

before the courts, but was so stymied by inadequacies of the law library that he was unable to file even a complaint." *Lewis*, 518 U.S. at 351.

5. Here, the Court must deny Plaintiff's claim for denial of his right to access to Courts for several reasons. Preliminarily, Plaintiff has not shown an injury in fact, but rather speculates that his access to Courts is being hindered by his belief that he is not receiving his mail. Furthermore, Plaintiff has made no allegations that he has lost any case, which is a requirement for such a claim. Moreover, even if Plaintiff could demonstrate some actual injury in fact, Plaintiff's Complaint makes no allegations regarding same. (*See generally* ECF No. 1). Accordingly, since Plaintiff has not asserted a claim for denial to access to Courts nor has he alleged any actual injury, Plaintiff is incapable of demonstrating a likelihood of success on the merits, which is fatal to his request for a temporary restraining order and preliminary injunction.

6. The Court is cognizant that "[p]risoners, by virtue of their incarceration, do not forfeit their First Amendment right to the use of the mails." *Nixon v. Sec'y Pa. Dep't of Corr.*, 501 F. App'x 176, 178 (3d Cir. 2012) (quoting *Jones v. Brown*, 461 F.3d 353, 358 (3d Cir. 2006)). An inmate's right to send and receive mail can, however, be restricted for legitimate penological purposes. *Id.*; *see also Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989).

7. Here, the Court once again must deny any relief requested by Plaintiff as it pertains to his alleged non-receipt of mail. First, as discussed above, Plaintiff's Complaint contains no allegations with respect to the mail issue. Accordingly, without allegations to support the claim, the Court cannot find that Plaintiff would likely succeed on the merits of this claim. Moreover, aside from Plaintiff's broad and general statements in his Motion, Plaintiff points to no concrete evidence to support the assertion that he is not receiving his mail or that prison personnell are

4

"throwing [his] mail away." Hence, the Court must deny Plaintiff's Motion. An appropriate Order accompanies this Memorandum Opinion.

Dated: April 2nd, 2018

JOSE L. LINARES
Chief Judge, United States District Court