# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| YUSUF ABDULLAH MUHMMAD f/k/a BRIAN KEITH BRAGG,<br><br>    Plaintiff,<br><br>v.<br><br>DR. FRANCIS MEO, *et al.*,<br><br>    Defendants. | Civil Action No.: 17-5056 (JLL)<br><br>**ORDER** |

IT APPEARING THAT:

1. On or about July 10, 2017, *pro se* Plaintiff, a convicted state prisoner currently confined in Northern State Prison, filed this action seeking to bring claims against Defendant Meo and several Jane Roe nurses employed in the medical department of Northern State Prison pursuant to 42 U.S.C. § 1983 for deliberate indifference to his medical needs in violation of the Eight Amendment and a claim for First Amendment retaliation. (ECF No. 1).

2. Defendant Meo was served with the Summons and Complaint on February 23, 2018. (ECF No. 39). Accordingly, Defendant Meo had until March 16, 2018 to answer Plaintiff's Complaint or otherwise respond. *See* Fed. R. Civ. P. 12(a)-(b). Defendant Meo failed to answer Plaintiff's Complaint in a timely fashion, and, in fact, has never filed any responsive pleading to date. (*See generally* Civ. Action. No. 17-5056).

3. Thus, on June 15, 2018, Plaintiff filed a letter requesting that the Clerk of the Court enter Default against Defendant Meo. (ECFR No. 43). Default was entered against Defendant Meo on June 21, 2018. On June 21, 2018, Plaintiff filed a Motion seeking Default Judgment against Defendant Meo. (ECF No. 44). Plaintiff's Motion for Default Judgment has not been opposed by Defendant Meo. (*See generally* Civ. Action. No. 17-5056).

4. Fed. R. Civ. P. 55(b)(2) authorizes the entry of a default judgment against a party that has defaulted. However, default judgment is not a right. *Franklin v. Nat'l Mar. Union of Am.*, 1991 WL 131182, at *1-2 (D.N.J. July 16, 1991) (quoting 10 Wright, Miller, & Kane, *Federal Practice and Procedure § 2685* (3d ed.1998)), *aff'd*, 972 F.2d 1331, 1331 (3d Cir. 1992). The decision as to whether default judgment is proper is primarily within the discretion of the District Court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Once a party has defaulted, the consequence is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (internal quotations omitted) (citation omitted). Entry of default judgment where damages are not a sum certain requires an application to the court to prove, *inter alia*, damages. Fed. R. Civ. P. 55(b)(2); *Comdyne*, 908 F.2d at 1149. In addition, liability is not established by default alone. *D.B. v. Bloom*, 896 F. Supp. 166, 170 n.2 (D.N.J. 1995) (citing Wright, *supra*, § 2688). The Court must determine whether a sufficient cause of action was stated, *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008), and whether default judgment is proper. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir, 2000).

6. Here, the Court finds that Plaintiff is entitled to Default Judgment. Indeed, Plaintiff's Complaint sets forth that he was denied medical services in retaliation for him filing grievances against certain persons while incarcerated at Norther State Prison. (ECF No. 1 at 4). As this Court previously explained, such allegations are sufficient to support claims under the Eight Amendment for denial of medical care and under the First Amendment for retaliation. (ECF No. 2 at 3). At this juncture, the Court accepts Plaintiff's allegations as true. Accordingly, Plaintiff has set forth, and is entitled to relief for, claims of denial of medical care and retaliation in violation of 42 U.S.C. § 1983.

7. However, the Court also finds that a hearing to determine damages is necessary. This is because, while Plaintiff asserts that he is entitled to damages in the amount of $1,000,000.00, the amount of damages due to Plaintiff are not certain. Indeed, Plaintiff's claims against Defendant Meo are for violations of his Constitutional rights, rather than, for example, a breach of contract where the amount of damages would be clear from the contract itself. Thus, for the reasons set forth above,

IT IS THEREFORE on this 7th day of August, 2018

**ORDERED** that Plaintiff's Motion for Default Judgment is hereby GRANTED; and it is further

**ORDERED** that judgment is hereby entered against Defendant Meo in favor of Plaintiff; and it is further

**ORDERED** that Plaintiff shall submit any and all proofs in support of his damages to the Court on or before September 14, 2018; and it is further

**ORDERED** that, upon receipt of Plaintiff's proofs in support of his damages, the Court shall set forth a date for either an in-person or teleconference hearing regarding the damages Plaintiff is entitled to; and it is further

**ORDERED** that the Clerk of the Court shall serve this Order on both Plaintiff and Defendant Meo (at his last known address) by way of regular mail.

**SO ORDERED.**

JOSE L. LINARES
Chief Judge, United States District Court