UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
STEVEN C. MANNION
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 2064
NEWARK, NJ 07101
973-645-3827

August 14, 2018

## LETTER OPINION-ORDER

Re:   D.E. 42, Motion to Reconsider Motion to Appoint *Pro Bono* Counsel
      MUHAMMAD v. MEO et al
      Civil Action 17-cv-05056 (JLL)(SCM)

Dear Litigants:

This matter comes before the Court upon review of Plaintiff Yusuf Abdullah Muhammad's ("Mr. Muhammad") Motion to Appoint *Pro Bono* Counsel.[1] The Court denied Mr. Muhammad's two previous motions for the appointment of *pro bono* counsel.[2] Mr. Muhammad's first motion failed to show that the *Tabron*[3] factors weighed in his favor,[4] and Mr. Muhammad's second motion simply restated the same arguments without offering any new analysis.[5] The Court has reviewed Mr. Muhammad's current motion and for the reasons set forth herein, the motion is **DENIED**.

A party moving for reconsideration must file "[a] brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked."[6] To successfully move for reconsideration, the moving party must show one of following circumstances:

(1) [A]n intervening change in the controlling law;

(2) [T]he availability of new evidence that was not available when the court [decided the previous motion]; or

---

[1] (ECF Docket Entry No. ("D.E.") 42, Pl.'s Mot.).

[2] *See* (D.E. 42, Pl.'s Mot.); (D.E. 38, Pl.'s Mot.).

[3] *Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993).

[4] (D.E. 22, Order, November 17, 2017).

[5] (D.E. 40, Order, May 31, 2018).

[6] L. Civ. R. 7.1(i).

(3) [T]he need to correct a clear error of law or fact or to prevent manifest injustice.[7]

Even if the moving party can show one of these circumstances, courts should rarely grant motions for reconsideration.[8] Moreover, "reconsideration is not appropriate where the motion only raises a party's disagreement with the Court's initial decision."[9]

Here, Mr. Muhammad highlights that Defendant Francis Meo ("Mr. Meo") failed to make an appearance,[10] but Mr. Muhammad continues to assert the same arguments without showing that the *Tabron* factors weigh in his favor or showing that any of the three circumstances warranting reconsideration exist. Mr. Muhammad fails to show that the law has changed, new evidence has become available, or the Court legally or factually erred or created manifest injustice in denying his previous motion.[11] Instead, as with his second motion, Mr. Muhammad's current motion is "duplicative of his [original one]."[12] Therefore, the Court denies Mr. Muhammad's motion because Mr. Muhammad fails to meet the reconsideration standard and the *Tabron* factors continue to weigh against appinting him *pro bono* counsel.[13]

The Court is, as always, sympathetic to any disadvantages of the parties that come before it. Accordingly, the Court will continue monitoring the concerns Mr. Muhammad has raised. Should Mr. Muhammad's circumstances change as the case continues, the Court may choose to appoint counsel *sua sponte*.[14]

---

[7] *Hasher v. Corzine*, 2016 WL 1305250 at *1 (D.N.J. Apr. 4, 2016) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

[8] *Hasher*, 2016 WL 1305250 at *1 ("A motion for reconsideration under Rule 7.1(i) is an extremely limited procedural vehicle, and requests pursuant to [the rule] are to be granted sparingly.").

[9] *Gunter v. Township of Lumberton*, 2012 WL 2522883 at *6 (D.N.J. June 29, 2012) (citations omitted); *see, e.g., Hasher*, 2016 WL 1305250 at *2 (denying the plaintiff's motion for reconsideration because the plaintiff offered no evidence that the controlling law changed, new evidence became available, or the previous motion denial was factually or legally erroneous); *Reeves v. Hudson Cty. Jail Med. Dept.*, 2010 WL 3732999 at *2 (D.N.J. Sep. 17, 2010) (same).

[10] (D.E. 40, Order).

[11] *See Hasher*, 2016 WL 1305250 at *2; *Reeves*, 2010 WL 3732999 at *2.

[12] *See* (D.E. 40, Order).

[13] *See* (D.E. 22, Order) (explaining that the *Tabron* factors weigh against Mr. Muhammad); (D.E. 40, Order) (same).

[14] *See Tabron*, 6 F.3d at 156; *Christy v. Robinson*, 216 F. Supp. 2d 398, 406 (D.N.J. 2002).

The Clerk of the Court is ordered to mail a copy of this Order to Mr. Muhammad.

**IT SO ORDERED.**



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

8/14/2018 11:27:36 AM

Original: Clerk of the Court
Hon. Jose L. Linares, U.S.D.J.
cc: All parties

Yusuf Abdullah Muhammad
S.B.I. 430637B
#1102980
New Jersey State Prison
P.O. BOX 861
Trenton, NJ 08625